**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-18-08216-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Luis Espinoza, et al., | |
| Defendants. | |

At issue is Defendant Luis Espinoza and Defendant El Agave, LLC's Motion to Dismiss (Doc. 11). For the reasons set forth below, the Court denies this Motion.

**I.   BACKGROUND**

Plaintiff G&G Closed Circuit Events, LLC (hereinafter, "Plaintiff") is a commercial distributor and licensor of sporting events, and purports to have been granted the exclusive commercial distribution rights to the *Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program* (hereinafter the "Program"), including all undercard bouts and fight commentary. (Doc. 1 at 6). Plaintiff alleges that Defendants Luis Espinoza, individually and d/b/a La Casita Family Mexican Restaurant, and El Agave, LLC, a business entity d/b/a La Casita Family Mexican Restaurant, unlawfully intercepted and exhibited the Program without Plaintiff's authorization on Saturday, September 16, 2017 at La Casita Family Mexican Restaurant, a commercial establishment. (*Id.* at 7). As a result, on September 11, 2018 Plaintiff brought this action against Defendants for violations of 47 U.S.C. § 605 and 47 U.S.C. 553. (*See* Doc. 1).

On December 20, 2018, Defendants, through Defendant Luis Espinoza individually and on behalf of Defendant El Agave, LLC, filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7). (Doc. 11). On January 3, 2019, Plaintiff filed a Response (Doc. 12) in opposition to Defendant's Motion. (*Id.* at 3). Defendants never filed any reply.

**II. ANALYSIS**

The Motion to Dismiss (Doc. 11) and Plaintiff's Response (Doc. 12) raise two main issues: (1) whether Defendant Luis Espinoza may represent Defendant El Agave, LLC. in this suit; and (2) whether Plaintiff failed to join a required party under Fed. R. Civ. P. 19 such that dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(7). The Court examines each of these arguments in turn.

**A. <u>Defendant Luis Espinoza May Not Represent Defendant El Agave, LLC. in this Suit</u>**

As a preliminary matter, the Court notes that Defendant Luis Espinoza filed the Motion to Dismiss at issue on his own behalf, as well as on behalf of Defendant El Agave, LLC. (Doc. 11 at 1). Luis Espinoza is the statutory agent of El Agave, LLC, d/b/a La Casita Family Mexican Restaurant, (*id.* at 3), but does not appear to be a licensed attorney.

"Although a non-attorney may appear *in propria persona* on his own behalf, that privilege is personal to him," and "[h]e has no authority to appear as an attorney for [anyone] other[] than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, a limited liability company[1]—like Defendant El Agave, LLC here—

---

[1] A limited liability corporation is similar in many respects to a partnership. Although the shareholders to a corporation have no ownership interest in the assets of a corporation, partners own the assets of a partnership. *Magneson v. C.I.R.*, 753 F.2d 1490, 1493 (9th Cir. 1985). Reasoning that each partner has a personal interest in partnership assets, the court in *United States v. Reeves*, 413 F.2d 1187, 1188–89 (9th Cir. 1970), held that a non-attorney managing partner could appear on behalf of the partnership because he was in fact pleading his own case. However, after the United States Supreme Court criticized *Reeves* and similar cases as "aberrations," the Ninth Circuit Court of Appeals made it clear that *Reeves* was no longer good law to the extent that it stood for the proposition that non-attorney members of a partnership can represent the partnership as a *pro-se* litigant. *Licht*, 40 F.3d at 1059 (holding that *Rowland v. Cal. Mens Colony*, 506 U.S. 194, 202 (1993) overrules *United States v. Reeves*, 413 F.2d 1187, 1188-89 (9th Cir. 1970)).

may appear in federal court only through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. . . . [T]he rationale for that rule applies equally to all artificial entities."); *D. Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004)( "It is a long standing rule that 'corporations and other unincorporated associations must appear in court through an attorney'") (alteration and citation omitted); *Ittleson SJS Hotel LLC v. SJS Properties Grp.*, No. 1:11-CV-00261 OWW, 2011 WL 1363762, at *2 (E.D. Cal. Apr. 11, 2011) (noting that the defendant, an LLC, could not appear pro per).

Accordingly, Defendant El Agave, LLC must obtain counsel to answer on its behalf within the deadline set below, or Plaintiff may seek default against it. To be clear, Defendant Luis Espinoza cannot appear on behalf of El Agave, LLC. As Defendant Espinoza is not an attorney, he may not represent Defendant El Agave, LLC. in any capacity in this Court. *C.E. Pope Equity Tr.*, 818 F.2d at 697. Thus, for purposes of this Motion to Dismiss, any arguments which Defendant Espinoza makes do not apply to Defendant El Agave, LLC.[2]

**B.**     **Plaintiff Did Not Fail to Join a Required Party Under Rule 19**

Defendant Espinoza argues that dismissal is proper pursuant to Rule 12(b)(7) because Plaintiff failed to join a required party under Rule 19. (Doc. 11 at 1, 3). "Federal Rule of Civil Procedure 19 governs the question of whether a person not a party to a suit should be joined because he is necessary for a more complete settlement of the dispute." *Cutrona v. Sun Health Corp.*, No. CV 06-02184-PHX-MHM, 2007 WL 4150210, at *1 (D. Ariz. Nov. 19, 2007). This Rule provides, in pertinent part, that:

---

[2] *See United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994) (striking answers filed by non-attorney who served as trustee or representative of various entities because answers were legally defective since non-attorney could not represent those entities in any capacity in district court); *see also Int'l Ass'n of Sheet Metal Workers Local 16 v. AJ Mech.*, No. CIV. 99-461-FR, 1999 WL 447459, at *2 (D. Or. June 16, 1999) (denying motion to dismiss filed by registered agent, pro se, on behalf of limited liability company, but giving leave to refile through counsel).

- 3 -

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Rule 19's "[u]nderlying policies include plaintiff's right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party." *Bakia v. County of Los Angeles*, 687 F.2d 299, 301 (9th Cir. 1982).

Rule 19 requires the district court to engage in a two-step analysis. *Id.* First, the court must "determine if an absent party is 'necessary' to the action; then, if that party cannot be joined, the court must determine whether the party is 'indispensable' so that in 'equity and good conscience' the action should be dismissed." *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991) (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)). A party is "necessary" if, in its absence, meaningful relief cannot be afforded to those who are already joined, thus risking multiple lawsuit on the same issue. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). However, "[a]n entity's status as a 'necessary' party is not judged by any prescribed formula, but instead 'can only be determined in the context of particular litigation.'" *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968)).

Plaintiff argues that Defendant Espinoza has failed to satisfy its burden of establishing that Dish Network must be joined. (Doc. 12 at 3). The Court agrees. The burden of establishing that joinder is necessary pursuant to Rule 19 rests with the party asserting it. *Brum v. Cty. of Merced*, No. 1:12-CV-01636-AWI, 2013 WL 2404844, at *4 (E.D. Cal. May 31, 2013); *see also Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) ("[t]he moving party has the burden of persuasion in arguing for dismissal" in a Rule 19 motion) (citing *Sierra Club v. Watt*, 608 F. Supp. 305, 312 (E.D. Cal. 1985)).

Here, Defendant Espinoza contends that Dish Network is a required party because Dish Network improperly provided a private license to the commercial building housing La Casita Family Mexican Restaurant despite Espinoza's entry into a contract with Dish Network for a commercial license. (Doc. 11 at 3–4). Had Dish Network properly installed a commercial license, Defendant Espinoza claims that his employees would not have had the opportunity to purchase the Program on September 16, 2017. (*Id.* at 4). Nevertheless, Defendant Espinoza fails to show how, in Dish Network's absence, the Court would be unable to accord complete relief among the existing parties. *Disabled Rights Action Comm.*, 375 F.3d at 879; *see also Eldredge v. Carpenters 46 N. California Ctys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) (noting that the "complete relief" portion of Rule 19(a)(1)(A) is "concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought.") (citation and internal quotation marks omitted).

Various courts have considered and rejected the argument that a television provider is a necessary party in actions alleging violations of 47 U.S.C. § 605 and 47 U.S.C. § 553. For example, in *National Satellite Sports, Inc. v. Gianikos*, the defendant was sued for damages under 47 U.S.C. § 605 and 47 U.S.C. § 553 after he broadcast two boxing matches at his restaurant without receiving authorization to do so from the plaintiff, the holder of a closed-circuit licensing agreement to telecast those matches. No. 00-CV-566, 2001 WL 35675430, at *1 (S.D. Ohio June 21, 2001). The defendant in *Gianikos* moved for dismissal for failure to join a party under Rule 19, arguing that Time Warner, his television provider,

was a necessary party because the defendant had received and published the boxing match through the equipment Time Warner provided, and because Time Warner had billed him for the match. *Id.* at *1–*2. Finding that complete relief could be afforded to the plaintiff in the absence of Time Warner, the district court determined that Time Warner was not a necessary party. *Id.* at *2. In so deciding, the district court noted that although the plaintiff "could have brought similar claims against Time Warner, resulting in a larger damage award, this is not the proper inquiry under 19(a)(1)." *Id.* Rather, "Rule 19(a)(1) mandates that this Court turn a blind eye to possible further litigation between [the plaintiff] and Time Warner, and focus solely on whether complete relief can be afforded parties presently before the Court." *Id.*

Similarly, in *J & J Sports Productions Inc. v. Cela*, the plaintiff, a sports programming licensee, brought suit against a nightclub and its owner under 47 U.S.C. § 605 and 47 U.S.C. § 553 after the nightclub exhibited a boxing match to which the licensee had exclusive nationwide commercial distribution rights. 139 F. Supp. 3d 495, 499 (D. Mass. 2015). The defendants moved to dismiss pursuant to Rule 12(b)(7) for failure to join DirecTV, contending that "the salesperson and the installer who provided them with DirecTV are necessary parties because they are the 'true cause'" of the plaintiff's harm. *Id.* at 504. The district court rejected defendants' argument, concluding that DirecTV was not a necessary party because the court accord relief between the existing parties. *Id.* at 504–05. In so deciding, the court observed that "if [d]efendants are found liable, the issues between the parties will be resolved; no other party is needed to provide [the plaintiff] the relief it seeks from [d]efendants." *Id.* at 505. "That an existing party may pursue or be subject to further litigation against other absent parties has no effect on the analysis under Rule 19(a)(1)(A)." *Id.* at 504 (citation omitted).

Following *Gianikos* and *Cela*, the Court finds that Dish Network is not a necessary party. In Dish Network's absence, complete relief can be accorded between Plaintiff and Defendants, the only existing parties. That Defendant Espinoza's dispute with Dish Network is left unresolved does not make Dish Network a necessary party. *Cela*, 139 F.

Supp. 3d at 504; *Gianikos*, 2001 WL 35675430, at *2.

Defendant Espinoza also has not demonstrated that Dish Network is a necessary party under Fed. R. Civ. P. 19(a)(1)(B). Even if Dish Network were claiming an interest relating to this action—which they are not—their supposed liability is not at issue here and thus nothing impedes their ability to protect their interests. Further, Defendant Espinoza cannot show that proceeding with this case will subject him to a substantial risk of incurring "inconsistent obligations" pursuant to Rule 19(a)(1)(B). To the extent that Defendant Espinoza argues that he will be unable to lessen or avoid a judgment in Dish Network's absence, (*see* Doc. 11 at 3–5), the Court notes that he is confusing "inconsistent obligations" with "inconsistent adjudications." *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008). Inconsistent obligations "occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Id.* (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1. 3 (1st Cir. 1998)). In contrast, inconsistent adjudications "occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." *Id.* Speculation about the liability of absent parties does not fall into the former category. *Mangiaracina v. BNSF Ry. Co.*, No. 16-CV-05270-JST, 2018 WL 368600, at *4 (N.D. Cal. Jan. 11, 2018); *Cela*, 139 F. Supp. 3d at 505.

Having concluded that Dish Network is not a necessary party to this action, the Court need not determine whether it is indispensable pursuant to Rule 19(b).

//
//
//
//
//
//
//

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Luis Espinoza's Motion to Dismiss (Doc. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant El Agave, LLC must answer **no later than thirty (30) days from today's date**.

Dated this 25th day of April, 2019.

James A. Teilborg
Senior United States District Judge