# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-18-08216-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Luis Espinoza, et al., | |
| Defendants. | |

At issue is Defendant Luis Espinoza's Motion to Eliminate Defendant (Doc. 14). which seeks an order dismissing Luis Espinoza from this action. For the reasons set forth below, the Court denies this Motion.

**I.     BACKGROUND**

Plaintiff G&G Closed Circuit Events, LLC (hereinafter, "Plaintiff") is a commercial distributor and licensor of sporting events, and purports to have been granted the exclusive commercial distribution rights to the *Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program* (hereinafter the "Program"), including all undercard bouts and fight commentary. (Doc. 1 at 6). Plaintiff alleges that Defendants Luis Espinoza, individually and d/b/a La Casita Family Mexican Restaurant, and El Agave, LLC, a business entity d/b/a La Casita Family Mexican Restaurant, unlawfully intercepted and exhibited the Program without Plaintiff's authorization on Saturday, September 16, 2017 at La Casita Family Mexican Restaurant, a commercial establishment. (*Id.* at 7). As a result, on September 11, 2018 Plaintiff brought this action against

Defendants for violations of 47 U.S.C. § 605 and 47 U.S.C. 553. (*See* Doc. 1).

On May 14, 2019, Defendant Luis Espinoza (hereinafter, "Espinoza") filed the Motion at issue seeking an order dismissing Espinoza as a defendant pursuant to Ariz. R. Civ. P. 21 on the grounds that he was not properly joined in this action. (Doc. 14 at 1).

**II.   ANALYSIS**

Notably, Espinoza seeks dismissal pursuant to Arizona Rule of Civil Procedure 21. However, the Arizona Rules of Civil Procedure do not apply in this Court. Rather, the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts . . . ." Fed. R. Civ. P. 1; *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) ("The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."). Thus, to the extent Espinoza seeks dismissal pursuant to a state procedural rule, his Motion is denied.

Even if Espinoza were to seek dismissal pursuant to Fed. R. Civ. P. 21, his Motion would fail. Rule 20 of the Federal Rules of Civil Procedure permits joinder of multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). If these requirements are not both satisfied, a district court may sever misjoined parties "as long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Nevertheless, there is no indication that Espinoza was misjoined as a defendant here, as the requirements of Rule 20 appear to be met. It is clear from the face of the Complaint that

common questions of law and fact exist as to all Defendants, and that there is transactional relatedness.

Finally, to the extent that Espinoza intended his Motion to Eliminate Defendant as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Espinoza's Motion also fails. In his Motion, Espinoza argues that there is no reason to "pierce the corporate veil" of El Agave, LLC by suing him individually. (Doc. 14 at 3). However, "corporate veil law does not apply" for purposes of 47 U.S.C. § 605 and 47 U.S.C. 553. *Joe Hand Promotions, Inc. v. Bragg*, No. 13-CV-02725-BAS JLB, 2014 WL 2589242, at *5 (S.D. Cal. June 10, 2014). Rather, "[m]ost, if not all, courts addressing the issue of individual liability under Section 553 and Section 605 have applied a standard of individual liability premised on copyright law." *Id.*; *see, e.g.*, *J & J Sports Prods. Inc. v. Rubio*, No. CV-16-01111-PHX-JJT, 2016 WL 4074114, at *3 (D. Ariz. Aug. 1, 2016); *G & G Closed Circuit Events, LLC v. Miranda*, No. 2:13-CV-2436-HRH, 2014 WL 956235, at *4 (D. Ariz. Mar. 12, 2014); *J & J Sports Prods., Inc. v. Walia*, No. 10-5136 SC, 2011 WL 902245, at *3 (N.D. Cal. Mar. 14, 2011). Under this standard, a plaintiff may establish the vicarious liability of an individual shareholder or officer for a violation of § 553 or § 605 by showing that: "(1) the individual had a right and ability to supervise the infringing activities and (2) had an obvious and direct financial interest in those activities." *Miranda*, 2014 WL 956235, at *4 (quoting *Walia*, 2011 WL 902245, at *3).

Here, Plaintiff has alleged that Espinoza, "the managing member of El Agave, LLC, which owns and operates the commercial establishment," had the right, ability and obligation to supervise the activities of the restaurant the night of the Program. (Doc. 1 at 3–4). Plaintiff also alleged that Espinoza, as the managing member of El Agave, LLC and as the individual identified on the business's liquor license, "had an obvious and direct financial interest in the activities of La Casita Mexican Restaurant." (*Id.* at 5). By Espinoza's own admission, he is the "owner and operator" of El Agave, LLC, d/b/a La Casita Family Mexican Restaurant, (Docs. 11 at 3; 13 at 3), which is the business at which Plaintiff alleges the unlawful interception and exhibition of the Program occurred on

September 16, 2017, (Doc. 1 at 7). Moreover, Espinoza is listed as the statutory agent of this entity by the Arizona Corporation Commission, and is the licensee identified on the business's liquor license.[1] Espinoza even admits that he had "the right and ability to supervise as the owner and manager of the business." (Doc. 14 at 4). The allegations in Plaintiff's Complaint here are analogous to those made by the plaintiffs in *J & J Sports Productions Inc. v. Rubio*, 2016 WL 4074114, at *3, and *G & G Closed Circuit Events, LLC v. Miranda*, 2014 WL 956235, at *4, in which the district courts held that the plaintiffs' allegations were sufficient to state plausible claims against the defendants personally. For this reason, as well, the Court will deny Espinoza's Motion to Eliminate Defendant.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Luis Espinoza's Motion to Eliminate Defendant (Doc. 14) is **DENIED**.

Dated this 20th day of May, 2019.

James A. Teilborg
Senior United States District Judge

---

[1] The Court "may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted); *see J & J Sports Prods., Inc. v. Medoza-Lopez*, No. 17-CV-06421-YGR-JSC, 2018 WL 4676903, at *1 (N.D. Cal. Mar. 29, 2018) (taking judicial notice of a liquor license filed with California Department of Alcoholic Beverage Control pursuant to Fed. R. Evid. 201); *Robinson v. Heritage Elementary Sch.*, No. CV-09-0541-PHX-LOA, 2009 WL 1578313, at *1 n.3 (D. Ariz. June 3, 2009) ("A district court may properly take judicial notice of public records filed with the Arizona Corporation Commission because such filings are 'not subject to reasonable dispute.'") (quoting Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")).