WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-18-08216-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Luis Espinoza, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff G&G Closed Circuit Events LLC's ("Plaintiff") Motion for Default Judgment. (Doc. 30). The Court now rules on the motion.

## I. BACKGROUND

On September 16, 2017, Gennady "GGG" Golovkin and Saul "Canelo" Alvarez squared off in a professional boxing match to determine the holder of several championship titles in the middleweight division. (Docs. 1 at ¶ 16; 30-1 at 6). Plaintiff, an international distributor of sports and entertainment programming, held the exclusive nationwide commercial distribution rights to air this match and the associated undercard bouts (the "Fights"). (Doc. 1 at ¶ 16). Before the Fights, Plaintiff entered into various sublicensing agreements with other entities to allow these entities to publicly exhibit the Fights at their commercial establishments. (Doc. 1 at ¶ 17).

Plaintiff alleges that Defendant El Agave LLC ("El Agave"), of which Defendant Luis Espinoza ("Espinoza") is the sole and managing member, owns and operates La Casita Family Mexican Restaurant ("La Casita") in Camp Verde Arizona. (Docs. 1 at ¶ 7; 30-3 at

7). Plaintiff contends further that, with full knowledge he was unauthorized to do so, Espinoza either directed La Casita employees, or personally undertook, to "intentionally intercept[] and/or publish" the Fights at La Casita. (Doc. 1 at ¶ 11). Through this conduct, Plaintiff alleges that Espinoza and El Agave (collectively, "Defendants") violated 47 U.S.C. §§ 553 and 605. (Doc. 1 at 8–11).

Plaintiff filed its complaint in this Court on September 11, 2018, to recover, as relevant here, both statutory damages and enhanced statutory damages for Defendants' alleged violation of these statutes. (Doc. 1). After service was completed, (Docs. 9 & 10), Espinoza twice moved, unsuccessfully, to dismiss the case against him, (Docs. 13 & 15).[1] The parties then reached a settlement, (Doc. 20), but the case was ultimately reinstated in an order setting Defendants' deadline to answer as July 3, 2019, (Doc. 24). Neither Defendant answered and the Clerk of the Court entered default against both on July 9, 2019. (Doc. 26). Plaintiff and Espinoza (but not El Agave) later attended a fruitless settlement conference on August 30, 2019. (Doc. 29). Neither Defendant has moved to set aside the default. Plaintiff now moves under Federal Rule of Civil Procedure ("Rule") 55(b) for entry of default judgment. (Doc. 30).

## II. DEFAULT JUDGMENT

Once the clerk has entered default, a court may, but is not required to, grant default judgment under Rule 55(b). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In considering whether to enter default judgment, a court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[1] Although the first motion to dismiss purported to be made in conjunction with El Agave, it was made by Espinoza personally. An entity can only appear in federal court through licensed counsel, *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993), which Espinoza is not. As such, El Agave has never appeared.

- 2 -

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When considering these factors, Defendants are deemed to have admitted all well-pleaded allegations in the complaint, except those related to damages, but does not admit allegations that do no more than "parrot the language" of the relevant statute. *DirecTV v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. Possible Prejudice to Plaintiff

A possibility of prejudice exists when failure to enter default judgment denies a plaintiff judicial resolution of the claims presented or leaves it without other recourse for recovery. *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Espinoza has not answered, and El Agave has neither answered nor appeared. Moreover, Espinoza has already repudiated a settlement agreement that he previously agreed to. (Doc. 22 at 3). Thus, if Plaintiff's motion for default judgment is not granted, it will likely be left without recourse. Therefore, this factor weighs in favor of granting the motion.

### B. Sufficiency of the Complaint and Merits of Plaintiff's Claims

"The second and third *Eitel* factors address the substantive merits of the claim and the sufficiency of the complaint and are often analyzed together." *Joe Hand Promotions, Inc. v. Garcia Pacheco*, No. 18-cv-1973-BAS-KSC, 2019 WL 2232957, at *2 (S.D. Cal. May 23, 2019). These two factors may favor entering default judgment when, considering the complaint and subsequently submitted affidavits, a plaintiff shows a plausible claim for relief. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also J & J Sports Prods., Inc. v. Molina*, No. CV15-0380 PHX DGC, 2015 WL 4396476, at *1 (D. Ariz. July 17, 2015) (considering affidavits attached to the motion for default judgment). In its motion for default judgment, Plaintiff clarifies that it now seeks relief under § 605 only. (Doc. 30-1 at 8). Thus, Plaintiff must show that Defendants, "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by [P]laintiff." *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981); *see also DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (applying § 605 to satellite television signals).

As indicated above, Plaintiff's complaint generally alleges that Defendants willfully intercepted the program and displayed it at La Casita live. Although Plaintiff's complaint seems to do no more than rehearse the elements required to establish liability under § 605 without factual content to provide a plausible basis for its claims—and thus appears to be insufficiently pleaded—Plaintiff bolsters these allegations with an affidavit accompanying the motion for default judgment in which an investigator attests to observing the Fights displayed on two televisions at the restaurant in front of approximately 15 patrons, and that one of the televisions had to be rebooted. (Doc. 32 at 2). The affidavit is also accompanied by pictures showing a satellite antenna on the roof of the establishment. (Doc. 32 at 4–8). Although this Court considers the factual content of the complaint to be rather paltry, courts faced with similar facts or allegations have concluded that they are enough to support a willful violation of § 605. *J & J Sports Prods., Inc. v. Meza Jimenez*, No. CV-17-1320-PHX-DGC, 2018 WL 317288, at *2 (D. Ariz. Jan. 8, 2018); *Molina*, 2015 WL 4396476, at *1; *Joe Hand Promotions, Inc. v. Pinkhasov*, No. CV 11-20437-PHX-FJM, 2012 WL 3641451, at *1 (D. Ariz. Aug. 24, 2012); *cf. J&J Sports Prods., Inc. v. Brady*, 672 F. App'x 798, 801 (10th Cir. 2016) (explaining that such circumstantial evidence may even justify summary judgment on a § 605 claim); *J & J Sports Prods., Inc. v. Greathouse*, No. CV-13-00922-PHX-GMS, 2015 WL 717907, at *3 (D. Ariz. Feb. 19, 2015) (same).[2]

"[A]n additional layer of analysis is required," however, before Plaintiff can hold Espinoza individually liable. (Doc. 30-1 at 9). Espinoza's status as the sole member of El Agave alone is insufficient to support individual liability; instead, Plaintiff's allegations must show Espinoza (1) "had a right and ability to supervise the infringing activities and

---

[2] To be sure, whether the complaint is sufficiently pleaded is an extremely close call under *Hao Huynh*, where the Ninth Circuit Court of Appeals ruled in an action involving a different subsection of § 605 that DirecTV's allegation "that appellees 'knowingly manufactured, assembled, sold, distributed, or modified an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite programing'" was no more than a legal conclusion that the defendants were "not held to have admitted through default." *Hao Huynh*, 503 F.3d at 854. In *Hao Huynh*, however, there was no supporting affidavit attached to the motion for default judgment. With the factual support furnished by this affidavit, this Court can conclude that, unlike *Hao Huynh*, Plaintiff has shown a plausible claim for relief. The allegations are not mere legal conclusions, but rather are supported by an adequate factual basis—albeit not in the complaint itself.

(2) had an obvious and direct financial interest in those activities." *G & G Closed Circuit Events, LLC v. Miranda*, No. 2:13-cv-2436-HRH, 2014 WL 956235, at *4 (D. Ariz. Mar. 12, 2014) (quoting *J & J Sports Prods., Inc. v. Walia*, No. 10-5136 SC, 2011 WL 902245, at *3 (N.D. Cal. Mar. 14, 2011)). The factual allegations in Plaintiff's complaint, along with the documents supporting its motion for default judgment, supply sufficient factual content to support a finding that Espinoza is individually liable under this test. Specifically, these documents show that Espinoza is not only the sole member of El Agave, but he also holds a liquor license for La Casita, that La Casita aired the Fights on two televisions without authorization, even rebooting one to continue airing the Fights, and that approximately 15 patrons were in La Casita during the investigator's inspection. This suffices to show that Espinoza may be liable for his restaurant's interception and display of the Fights. *Garcia Pacheco*, 2019 WL 2232957, at *3 (explaining that restaurant owners are typically liable for unauthorized airings because they have management power over the restaurant, and its staff, as well as a vested financial stake in the restaurant's success (citing *J & J Sports Prods., Inc. v. Owens*, No. 09-cv-1614 JLS-CAB, 2010 WL 11519395, at *2 (S.D. Cal. Mar. 2, 2010)); *see also Joe Hand Promotions, Inc. v. Tickle*, No. 4:12-cv-01874, 2016 WL 393797, at *13 (M.D. Penn. Feb. 2, 2016) ("It is not necessary that Defendant violated the law himself or that he was present for the violation.").

Accordingly, however slightly, these two factors weigh in favor of entering default judgment against the Defendants here.

### C. Sum at Stake

"Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of [Defendant's] conduct." *Bankers Ins. Co. v. Old W. Bonding Co., LLC*, No. CV11-1804 PHX DGC, 2012 WL 2912912, at *2 (D. Ariz. July 16, 2012). When a plaintiff seeks only statutory damages that "consist[] of discretionary awards and statutory minimums" this factor may weigh in favor of entering default judgment. *Elektra Entm't Grp. Inc.*, 226 F.R.D. at 393. Because Plaintiff seeks statutory damages, analyzed separately below, this factor also weighs in favor of entering default judgment.

### D. Possibility of Disputed Material Facts

Considering the well-pleaded facts in the complaint that are now deemed admitted and the factual support furnished by the investigator's affidavit, "no genuine dispute of material facts would preclude granting Plaintiff's motion." *See Pepsi Co., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### E. Excusable Neglect

On this record, little possibility exists that Defendants' default resulted from excusable neglect. Defendants were duly served. (Docs. 9 & 10). Moreover, Espinoza—El Agave's sole member—filed two motions to dismiss, (Docs. 11 & 14), and even participated in settlement conferences, (Doc. 20), but never answered. Thus, the possibility of excusable neglect is especially remote here.

### F. Policy Favoring Decision on the Merits

Although it is true that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, that is made "impractical, if not impossible," when a defendant fails to defend an action, *Pepsi Co., Inc.*, 238 F. Supp. 2d at 1177. Thus, this factor does not preclude entering default judgment against Defendants.

## III. DAMAGES

Plaintiff seeks statutory damages under both §§ 47 U.S.C. 605 (e)(3)(C)(i)(II) (allowing a party to recover an award of "not less than $1,000 or more than $10,000, as the court considers just"), (e)(3)(C)(ii) (authorizing the court to increase the award "by an amount of not more than $100,000 for each violation" committed willfully and for commercial advantage or financial gain). Plaintiff asks for $7,500 under § 605(e)(3)(C)(i)(II) and $25,000 under § 605(e)(3)(C)(ii) for a total award of $32,500. (Doc. 30-1 at 11).

Based on the foregoing analysis, Plaintiff is entitled to its sought-after award of $7,500 under § 605(e)(3)(C)(i)(II). To reiterate, by defaulting, Defendants admitted they engaged in an unlicensed display of the Fights on two televisions in La Casita for paying customers on the night in question for commercial advantage or financial gain. These facts

support Plaintiff's reasonable request for damages under § 605(e)(3)(C)(i)(II). *Molina*, 2015 WL 4396476, at *2 (citing cases).

In analyzing Plaintiff's request for enhanced damages, this Court acknowledges "that enhanced damages are desirable in many cases because of their tendency to deter future violations." *J & J Sports Prods., Inc. v. Barrio Fiesta of Manila Rest. LLC*, No. CV 11-2216-PHX-JAT, 2012 WL 2919599, at *2 (D. Ariz. July 17, 2012). At the same time, as this Court reasoned in a previous case, several factors here weigh in favor of a reduced award, including that:

> [Defendants] did not charge a cover for entry, the restaurant was not filled to capacity, and there is no evidence that [Defendants have] repeatedly violated this statute, that it advertised the [Fights] to draw larger crowds, that it charged a premium for food and drinks, or that its earnings were significantly larger than usual during the time that the [Fights were] displayed.

*Id.* (quoting *Kingvision Pay–Per–View, Ltd. v. Gutierrez,* 544 F. Supp. 2d 1179, 1185 (D. Colo. 2008) (discussing these factors as reducing the size of an enhanced damages award)). Indeed, because Plaintiff's investigator approximated only 15 people in a restaurant that seats approximately 100 the facts are even less egregious than in *Barrio Fiesta*, where "approximately 110 to 115 people were present." *Id.* There, this Court awarded approximately $130 per person observed in the restaurant to enhance the award by $15,000. *Id.* Given the far less serious nature of the allegations at issue here, this Court will award $100 per person and enhance the award by $1,500. The combined award of $8,500 will both compensate Plaintiff and deter future violations.

///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing,

IT IS ORDERED that Plaintiff's motion for default judgment (Doc. 30) is GRANTED. The Clerk of the Court shall enter judgment for Plaintiff G&G Closed Circuit Events LLC and against Defendants Luis Espinoza and El Agave LLC in the total amount of $8,500 which may be collected from either Defendant.

IT IS FURTHER ORDERED that Plaintiff may submit its motion for attorneys' fees within 14 days of the date of this order; a bill of costs may be filed in accordance with LRCiv 54.1.

Dated this 23rd day of January, 2020.

_____
James A. Teilborg
Senior United States District Judge