**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-18-08216-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Luis Espinoza, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff G&G Closed Circuit Events LLC's ("Plaintiff") unopposed Motion for Attorneys' Fees and Costs. (Doc. 35). The Court now rules on the motion.

I. **BACKGROUND**

As explained more fully in this Court's prior order, this action arises from Plaintiff's allegation that Defendants El Agave LLC and Luis Espinoza intercepted and displayed a boxing broadcast in violation of 47 U.S.C. §§ 553 and 605. (Doc. 33 at 1–2). Despite concerns about the factual sufficiency of Plaintiff's complaint, the Court granted Plaintiff's Motion for Default Judgment against Defendants under § 605. (*Id.* at 3–4, 8). For several reasons, however, the Court awarded just slightly over one quarter of the damages that Plaintiff sought. (*Id.* at 6–7). The pending motion followed.

II. **ATTORNEYS' FEES**

   A. **Eligibility and Entitlement**

Under this district's local rules, a party seeking attorneys' fees must first show that

they are both eligible for fee award and entitled to it. LRCiv. 54.2(c)(1)–(2). Here, both requirements are satisfied by the Court's entry of default judgment in Plaintiff's favor under 47 U.S.C. § 605. That statute states that courts "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Because Plaintiff unquestionably prevailed on its § 605 claim, it is both eligible for and entitled to "reasonable" attorneys' fees.

### B. Reasonableness of Requested Award

Plaintiff's counsel, Thomas P. Riley, posits that the amount he billed in this matter, $10,974.90, is a reasonable award under the "lodestar" method, (Doc. 35-1 at 3), which is generally used to calculate the reasonableness of attorneys' fees, *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under that method, the Court arrives at a presumptively reasonable fee award by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Id.* The Court may adjust this figure "upward or downward based on a variety of factors." *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)); *see also* LRCiv. 54.2(c)(3)(A)–(M) (listing thirteen factors that may "bear[] on the reasonableness of the requested attorneys' fee award").

To arrive at the reasonable number of hours component of the lodestar calculation, the Court must review the billing records the prevailing party has submitted and "exclude those hours for which it would be unreasonable to compensate" that party. *Gonzalez*, 729 F.3d at 1203. As for the lodestar's reasonable hourly rate component, the applicant generally has the burden to show that his rates are reasonable in light of prevailing market rates for attorneys in the forum district with similar skill, experience, and reputation. *Id.* at 1205–06. It is no exaggeration to say that Mr. Riley's practice has spawned a caselaw of attorneys' fees all its own. His request in this case shares several features with his prior cases that have caused courts to deduct from both components of the lodestar calculation.

First, Mr. Riley billed four hours of "travel time" at $275 an hour, for a round trip between Los Angeles and Arizona, amounting to $1,100. (Doc. 35-2 at 10). Mr. Riley does not explain the basis for that fee, nor whether billing for this time is customary in this

district, nor whether he spent this time also working on other billable activities. Absent such explanations, the Court will not consider these hours. *Hall v. Coolidge Unified Sch. Dist. No. 21*, No. CV-11-294-PHX-ROS, 2012 WL 2217043, at *3 (D. Ariz. Jan. 20, 2012); *Malena Produce, Inc. v. Agricola San Isidro de Culiacan, S.P.R de R.L.*, No. CV 05-618-TUC-RCC, 2007 WL 9724562, at *4 (D. Ariz. Oct. 26, 2007).

Next, Mr. Riley has included billing entries for tasks (largely reading docket entries) both he and his administrative assistant completed. (Doc. 35-2 at 8–13). A reasonable fee award can compensate for the work of others aside from attorneys "whose labor contributes to work product." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). "The key . . . is the billing custom in the 'relevant market.'" *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redlands Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (quoting *Jenkins*, 491 U.S. at 288). If clerical or secretarial work is customarily billed separately, it "is compensable . . . , though such tasks 'should not be billed at the paralegal rate, regardless of who performs them.'" *Id.* (quoting *Jenkins*, 491 U.S. at 288 n.10).

Although courts in this district have apparently reached different results on this question, *J & J Sports Prods. Inc. v. Patel*, No. CV-16-00234-TUC-RM (BPV), 2018 WL 1609731, at *3 (D. Ariz. Apr. 3, 2018) (collecting cases), this Court generally excludes hours related to clerical work like filing documents, preparing or serving summons, and document organization, *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019). The Court need not resolve this open question here, however, because Mr. Riley provides neither evidence of such a custom, nor any explanation as to why it was necessary for him to duplicate his assistant's work despite being repeatedly admonished for this practice. *J & J Sports Prods., Inc. v. Arvizu*, No. CV-17-03130-PHX-DGC, 2018 WL 1621253, at *1 (D. Ariz. Apr. 4, 2018); *Patel*, 2018 WL 1609731, at *6; *J & J Sports Prods. Inc. v. Macia*, No. CV-13-00921-PHX-DGC, 2014 WL 3747608, at *1 (D. Ariz. July 30, 2014). Without that showing, the typical assumption is that this type of work is subsumed into firm overhead. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Given that Mr. Riley fails to show that a contrary conclusion is warranted, the Court will

exclude any hours his assistant billed for. *Joe Hand Promotions, Inc. v. Albright*, No. CIV 2:11-2260 WBS CMK, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013) (excluding Mr. Riley's administrative assistant's hours on this basis); *see J & J Sports Prods., Inc. v. Duong*, No. 13-CV-02002-LHK, 2014 WL 1478498, at *4 (N.D. Cal. Apr. 14, 2014) (same); *see also J&J Sports Prods., Inc. v. Marini*, No. 1:16-cv-0477-AWI-JLT, 2018 WL 2155710, at *2 (E.D. Cal. May 10, 2018) (excluding such hours where, as here, Mr. Riley utilized duplicative block billing).[1]

Finally, the Court considers whether the remaining hours are "excessive, redundant, or otherwise unnecessary." *Gonzalez*, 729 F.3d at 1203 (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1122 (9th Cir. 2008)). The Court is constrained to review Mr. Riley's bill with something of a jaundiced eye because of his well-known use of boilerplate pleadings and form motions in the many hundreds of actions similar to this one that he maintains across the country. *See, e.g.*, *Patel*, 2018 WL 1609731, at *7 (collecting cases). After a thorough review, the Court will reduce time for three items.

The first group of items is a series of entries in which Mr. Riley billed for work that his administrative assistant also performed. All told, these items add up to two hours and include many six-minute items for reviewing docket entries that are but a few sentences long. Mr. Riley has been criticized for this practice in the past. *G & G Closed Circuit Events, LLC v. Aguilar*, No. 18cv465 JM (BGS), 2018 WL 6445883, at *2 (S.D. Cal. Dec. 8, 2018) (reducing "time Mr. Riley spent reviewing communications to and from the court"); *Marini*, 2018 WL 2155710, at *2 (same). He also billed six minutes for the review and execution of his motion for admission *pro hac vice*. In the Court's view, these tasks are secretarial in nature and, indeed, Mr. Riley himself has effectively admitted as much by having his administrative assistant complete them. Because these tasks do not become compensable simply because an attorney also did them, these 2.1 hours will not be included in the lodestar calculation. *See Jenkins*, 491 U.S. at 288 n.10; *Schrum v. Burlington N. Santa Fe Ry. Co.*, No. CIV 04-0619-PHX-RCB, 2008 WL 2278137, at *12 (D. Ariz. May

---

[1] This leaves 9.7 hours for Mr. Riley and 8.5 for his research attorney. (Doc. 35-2 at 13).

30, 2008); *see also Nadarajah*, 569 F.3d at 921 (reasoning that hours spent on attorney admissions are clerical); *Payne v. Allied Interstate, Inc.*, No. 12-CV-6136T, 2013 WL 5574641, at *5 (W.D.N.Y. Oct. 9, 2013) (collecting cases deducting fees for billing "0.1 hour" entries for reading notifications from the court's Electronic Case Filing system).[2]

Two other time entries must be reduced. The first entry is for two hours Mr. Riley spent reviewing the initial papers filed in this action. The Court finds this an unreasonable amount of time to have spent on these boilerplate documents, especially given the Court's prior finding that the complaint was barely sufficiently pleaded. Thus, the Court will deduct one hour of time spent on these items. *See, e.g.*, *G & G Closed Circuit Events, LLC v. Kim Hung Ho*, No. 11-CV-03096-LHK, 2012 WL 3043018, at *2 (N.D. Cal. July 25, 2012) (reducing Mr. Riley's request for boilerplate filings). The second entry is for four hours Mr. Riley's research attorney recorded for work on the default judgment motion. The Court likewise finds this amount of time unreasonable because that motion is replete with generic legal arguments about the antipiracy statutes at issue here. Thus, the Court deducts two hours of time from this item.[3]

Finding that the remaining hours are reasonable, the Court turns to determine the reasonable hourly rate component of the lodestar figure. Mr. Riley bills $550 an hour and his research attorney bills at $300 an hour. (Doc. 35-2 at 3). Mr. Riley's only evidence that those rates comport with prevailing market rates in this district is his own declaration and the so-called Laffey Matrix. (*Id.*). Courts in this and other districts have refused to accept Mr. Riley's charged rate as controlling based on only this evidence. *Patel*, 2018 WL 1609731, at *4; *Duong*, 2014 WL 1478498, at *3–4; *Albright*, 2013 WL 4094403, at *2. Thus, Mr. Riley fails to carry his burden to show that his rates, or those of his research attorney, are reasonable when compared to rates charged "for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

---

[2] To be clear this amount does not include time entries for tasks like reviewing the Court's orders denying the motions to dismiss or granting default judgment.

[3] This leaves 6.6 hours for Mr. Riley and 6.5 for his research attorney.

Given Mr. Riley's failure, the Court must independently determine this component of the lodestar figure. Based on recent cases from this district, including those involving Mr. Riley, the Court will reduce his rate to $350 an hour to bring it in line with relevant market rates in this district. *Patel*, 2018 WL 1609731, at *4 (collecting cases holding fees in the $300 to $350 range reasonable for an Arizona attorney with specialized expertise like Mr. Riley); *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, 2016 WL 5118316, at *15 (D. Ariz. Sept. 21, 2016) (collecting cases finding fees that ranged from $120 to $520 dollars in the Phoenix area to be reasonable).

Mr. Riley's research attorney also poses a problem because (as is his usual practice) Mr. Riley has provided only scant information about this unidentified attorney, namely that he has practiced law for 25 years and worked with Mr. Riley for 10 of those. (Doc. 35-2 at 2). The Court will reduce this attorney's rate to $150 an hour, which is in line with decisions from this and other districts. *Patel*, 2018 WL 1609731, at *4; *see also Aguilar*, 2018 WL 6445883, at *2; *Albright*, 2013 WL 4094403, at *3.

Accordingly, the Court arrives at the following lodestar figure:

| | | |
|---|---|---|
| Mr. Riley (6.6 x 350) | = | $2,310.00 |
| Research Attorney (6.5 x 150) | = | $975.00 |
| Total | = | $3,285.00 |

The Court further finds that this presumptively reasonable award is, in fact, reasonable and declines to exercise its discretion to adjust this figure.[4]

### III. NONTAXABLE COSTS

Plaintiff also seeks an award of nontaxable costs for investigative expenses. (Doc. 35-2 at 13–14). Under 47 U.S.C. § 605(e)(3)(B)(iii), the prevailing party is entitled to "the recovery of full costs." For its use of that phrase, some courts interpret the statute as permitting an award of investigative costs despite not being taxable. *See Kingvision Pay-*

---

[4] Mr. Riley's arguments that are seemingly aimed at the factors a court can use to adjust the lodestar figure and focus on the reasonableness of his rates, his special skill and experience, and the results obtained, (Doc. 35-1 at 4–8), address factors already incorporated in the lodestar analysis and thus the Court need not address them, *Gonzalez*, 729 F.3d at 1207; *see also Lexington Ins. Co.*, 2016 WL 5118316, at *19–20.

*Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2006). Even if recovery is permitted, it does not alleviate a plaintiff's burden to show "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." *Arvizu*, 2018 WL 1621253, at *2 (quoting *Kingvision Pay-Per-View*, 426 F. Supp. 2d at 67). Plaintiff certainly does not make that showing here; the invoice submitted to the Court is for a different investigator, in a different city, investigating a different restaurant. (*Compare* Doc. 32 at 2–3 *with* Doc. 35-2 at 18). Moreover, Plaintiff offers no explanation of the investigator's qualifications, which provides an independent reason to deny these costs. *Id.*

### III. CONCLUSION

For these reasons,

IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 35) is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded $3,285.00 in attorneys' fees and the motion is denied in all other respects.

Dated this 8th day of April, 2020.

James A. Teilborg
Senior United States District Judge